## BILL PULLINS v. STATE.

No. A-10003. June 3, 1942.

(126 P. 2d 750.)

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and W. W. Godlove, Co. Atty., of Lawton, for the State.

Burton & Harper, of Lawton, for plaintiff in error.

BAREFOOT, P. J. Defendant, Bill Pullins, was charged in the county court of Comanche county with the crime of unlawful possession of intoxicating liquor, to-wit, one-half gallon white corn whisky, was tried, convicted and sentenced to pay a fine of $500 and to serve six months in the county jail, and has appealed.

For a reversal of this case, it is contended:

(1) That the evidence is insufficient to convict the defendant of the crime charged in the information.

(2) That the court failed to instruct the jury upon the fundamental principles of law involved in this case, and also failed to instruct the jury on its powers and duties, and the method of arriving at a verdict.

(3) That the sentence is excessive and unreasonable.

All of these may be considered together.

This charge arose by reason of the search of defendant's premises in the city of Lawton, by two constables. On the night of the 31st day of July, 1940, these constables were in the neighborhood of defendant's home. It was being used as a public place for the sale of sandwiches and cold drinks. Numbers of people were seen going to and from the premises, some of them were intoxicated after coming therefrom. They procured a search warrant and as one of the officers entered the door, some-one said "Here comes the law." The defendant was seen to grab a gallon jar and throw it into a five-gallon can of water. The officer grabbed the jar, which still contained a part of the liquid. He smelled of it and said it smelled like corn whisky. It was placed on a table and either the defendant or someone else knocked it from the table and a part of the contents was spilled. The jar was recovered and taken by the officers to the sheriff's office and was produced at the trial and examined by

412

the jury. The evidence also revealed that a woman was taken from the premises in a drunken condition and others were there who had been drinking. The defendant's place of business was near a night club, and the defendant admitted that he had been previously convicted of a violation of the prohibition laws in the federal court.

The evidence on behalf of the defendant and several parties who were present was that defendant had just opened this place of business, and that this was the first night he had operated. They all testified that he did not sell any whisky and that they did not see anybody drinking liquor there. The evidence taken as a whole was not so very strong. Very little of the liquor was recovered. The evidence was based partly upon circumstantial evidence, but was sufficient for the jury to find that the defendant had possession of the liquor with the intent to sell the same.

This case was tried just after the Oklahoma National Guard had been called into service at Ft. Sill. This fact was mentioned by the county attorney in his argument to the jury.

From an examination of the whole record, we are of the opinion that justice would be subserved by modifying this judgment and sentence to a fine of $100 and 60 days in jail, and as so modified, the judgment and sentence of the county court of Comanche county is affirmed.

JONES and DOYLE, JJ., concur.